Casner v. Crawford.

---

### E. A. CASNER v. ROBERT CRAWFORD et al.
#### No. 100.

1. JUDGMENT—*Extent.* Where a case is tried by the court without a jury, the general finding and judgment include every material fact necessary to sustain such judgment. (*Morris v. Trumbo*, 1 Kan. App. 150.)

2. CHATTEL MORTGAGE—*Actual Notice— Statute Construed.* A subsequent mortgagee with notice of a prior mortgage is not a subsequent mortgagee in good faith, under paragraph 3905, General Statutes of 1889. The words "subsequent purchasers or mortgagees in good faith," in said paragraph, mean only purchasers and mortgagees who purchased or took their mortgages after the expiration of the year from the filing of the prior mortgage.

MEMORANDUM.—Error from Lincoln district court; W. G. EASTLAND, judge. Action in replevin by E. A. Casner against Robert and J. T. Crawford. Judgment for defendants. Plaintiff brings the case to this court. Modified. The opinion was filed September 12, 1896.

Casner v. Crawford.

### STATEMENT OF THE CASE.

This was an action in replevin, originally brought before a justice of the peace of Lincoln county by E. A. Casner against Robert Crawford, to recover possession of certain property claimed under a chattel mortgage given by Joseph Marshall to her, in which the property is described as follows :

| | |
|---|---:|
| One bay horse named Dexter............................. | $100 |
| One bay mare named Daisy................................ | 100 |
| One farm harness........................................ | 15 |
| | $215 |

Also second mortgage, subject to one held by Crawford:

| | | |
|---|---:|---:|
| One bay horse, value............................ | $120 | |
| One bay mare, value............................. | 90 | |
| | | 210 |

| | |
|---|---:|
| And all increase of said stock. | $425 |

This mortgage was dated July 6, 1889, and filed for record November 27, 1889. Renewal affidavits were filed November 3, 1890, and November 24, 1891, respectively. Upon the application of defendant, J. T. Crawford was made a party defendant, Robert Crawford claiming that he was holding possession as agent for J. T. Crawford. The evidence shows that on October 20, 1888, Joseph Marshall gave to J. T. Crawford a chattel mortgage for $70 on "one dark-brown horse, age four, named John ; one bay mare, age 11, named Baldy." This mortgage was filed for record November 5, 1888. It was never renewed or released. On October 21, 1889, Joseph Marshall gave another chattel mortgage to J. T. Crawford for $106.40, on "one bald-faced mare with two white feet, known as Baldy ; one brown horse six years old, known as John ; one red cow five years old." This mortgage was filed for record November 2, 1889. The margin of the record says : "Released by order of J. T. Crawford October 28, 1890.—I. M. BRUNT, *Register of Deeds.*" On the

21st day of October, 1890, Joseph Marshall gave a third mortgage to J. T. Crawford for $112 on "one brown horse seven years old named John, one light-bay mare 12 years old named Baldy, one colt seven months old named Charley, and all increase of said stock." It was filed for record October 28, 1890, and renewed November 21, 1891, and October 8, 1892. Upon demand, Joseph Marshall turned the stock in controversy over to Robert Crawford, as agent for J. T. Crawford, who claims ownership and possession under his three chattel mortgages. The district court found for the defendants, and the plaintiff brings the case to this court for review.

*Fred. W. Casner*, for plaintiff in error.

*C. B. Daughters*, for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J.: All questions of fact are settled by the findings of the trial court, which seem to be fully sustained by the evidence. The plaintiff contends and introduces some testimony upon the point that, notwithstanding the mortgage shows it was made on the 6th day of July, 1889, it was not in fact made until the 12th day of November, 1889, but was dated back so as to correspond with the notes secured thereby. Even admitting this to be true, Crawford's mortgage of October 21, 1889, which was filed November 2, 1889, was in full force and effect when she took her mortgage, and when she filed it for record, and covered the identical property she claims. How can she then be a subsequent mortgagee?

"A subsequent mortgagee with notice of prior mortgage is not a subsequent mortgagee in good faith, under paragraph 3905 of the General Statutes of 1889.

44—4 KAN. APP.

The words 'subsequent purchasers' and 'subsequent mortgagees in good faith,' in paragraph 3905, mean only purchasers and mortgagees who purchased or took their mortgages after the expiration of the year from the filing of the mortgage." (*Howard v. National Bank*, 44 Kan. 549.)

That she had notice of a mortgage in favor of Crawford is shown by the recital in her mortgage. But she says: "This mortgage was released, and this gave us a first mortgage." This is not sustained by the evidence. The testimony shows that J. T. Crawford, the owner of these mortgages, has resided in Colorado for 10 years; that Robert Crawford and his brother Grant have had the control and management of these mortgages and the debts secured thereby exclusively; that neither he nor his brother ever authorized any one to release this mortgage.

There is not a particle of testimony to show that the colt "Charley," which was taken as the increase of the mare "Baldy," was "Baldy's" colt, or even to show that the "bay mare" mentioned in the Casner mortgage was the mare "Baldy." On the other hand, the contention of the defendants that these mortgages from 1888 to 1890 constituted but one transaction—were simply renewals of the first—is upheld by a great preponderance of the testimony.

With regard to the usurious interest being included in the judgment, we think, if the trial court's attention had been called to it, it would have been stricken out, as should have been done. As to this, we will modify the judgment to $104.50, and, with this modification, the judgment of the court in all other respects will be affirmed.

All the Judges concurring.